JOHN H. RICE *vs.* GEORGE F. DILLINGHAM.

Penobscot. Opinion December 5, 1881.

*Trover. Equity.*

Where the mortgagee assigned a mortgage of real estate and the notes secured thereby, to secure a loan to him from the assignee, payable at a specified time, and the loan not being repaid on time, the assignee foreclosed the mortgage, and after such foreclosure was perfected, the assignor tendered the amount due, and demanded the notes and mortgage which the assignee refused to assign or transfer. *Held;* that trover would not lie for the same. Whatever remedy the assignor may have, is in equity.

ON agreed statement of facts..

Trover for one promissory note and a mortgage of real estate to secure the same.

The material facts are stated in the opinion.

By the terms of the agreement, if the action could be maintained, a default was to be entered, and damages to be assessed at *nisi prius*, otherwise plaintiff nonsuit.

*Plaisted and Smith*, for the plaintiff.

I. The property in controversy is the subject of pledge.

Any tangible property may be pledged, hence not only goods and money, but also negotiable paper may be put in pledge. Story, Bailments, § 290; Edwards, Bailments, § 205. See Bouvier's Dict. vol. 2, "Pledge," and cases cited.

A mortgage deed of real estate, with the note it is given to secure, may be pledged. 9 Bosw. 322; Story, Bailments, § § 51 and 290; 15 Mass. 389.

II. The assignment of a subsisting mortgage as collateral, to

secure a debt, operates like a mortgage or pledge. Edwards on Bailments, § 324, and cases there cited; 9 Bosw. 322; 8 Allen, 167.

A pledge is a bailment of personal property, as security for some debt or engagement. Story, Bailments, § 286; 3 Parsons, Contracts, 271, *et seq.*

III. The general property in chattels bailed under the contract of pledge, remains in the bailor, only a special property passes to the bailee, the bailor retains the title and a right to redeem, by discharging the original debt or obligation. Edwards, Bailments, § 245.

On tender of the amount due, with interest and costs, the pledgor has an undoubted right to recover the property pledged, or the value thereof. Story on Bailment, § 341; 3 Parsons on Contracts, 274.

And the non-payment of the debt after it is due, does not work a forfeiture of the pledge. The property remains in the pledgor until he is legally divested, either by a foreclosure in equity, or by sale on due notice. Edwards, Bailments, § 245; Story, Bailments, § 346; 2 Parsons, Contracts, 118; *Brownwell* v. *Hawkins*, 4 Barb. 491; Edwards on Bailments, § 249, and cases there cited; 2 Kent, 581, 582, 583; Story, Bailments, § 345; *Cortelyou* v. *Lansing*, 2 Cains' Cas. in Err. 200; *Luckett* v. *Townsend*, 3 Texas, 119; 10 Bosworth, 325.

IV. The plaintiff has never been divested of the property in question; he has never lost the right to the immediate possession of the property on payment, or tender of payment, of the amount due the pledgee. *Fletcher* v. *Dickinson*, 7 Allen, 23. American Law Review, (new series,) vol. 1, No. 10, October, 1880, and cases there cited.

The collaterals were in the hands of the pledgee, and the pledgor tendered him the full amount due, and demanded his property. The defendant refused to deliver, this refusal amounted to a conversion of plaintiff's property by defendant.

V. Under ordinary circumstances, the remedy is by an action at law. Edwards, Bailments, § 312. Trover in this case is the proper remedy. 2 Parsons, Contracts, 118.

Trover may be maintained for a note wrongfully withheld from the owner, or person having the property in, and entitled to the possession thereof. *McNear* v. *Atwood*, 17 Maine, 434; 1 Pick. 503; 63 Maine, 197; 60 Maine, 84; 2 Hillard's Torts, 60; *Spencer* v. *Dearth*, 43 Vt. 98.

Trover may be maintained for the mortgage deed given to secure the payment of the note, and as incidental to it. *Campbell* v. *Parker*, 9 Bosw. 322; 15 Mass. 389; *Gleason* v. *Owen*, 35 Vt. 590; *Wheeler* v. *Newbold*, 16 N. Y. 392; Edwards, Bailement, § 292.

*C. A. Bailey*, for the defendant, cited: *Gould* v. *Newman*, 6 Mass. 241; *Hills* v. *Eliot*, 12 Mass. 26; *Mitchell* v. *Burnham*, 44 Maine, 286; *Bailey* v. *Myrick*, 50 Maine, 171; *Eaton* v. *Green*, 22 Pick. 526; *Pond* v. *Eddy*, 113 Mass, 149; *Cutts* v. *York M'f'g Co.* 18 Maine, 191; *Henry* v. *Davis*, 7 Johns. Ch. 40; *Slee* v. *Manhattan Co.* 1 Paige, 48; *Phillips* v. *Robinson*, 4 Bing. 106; *Stewart* v. *Crosby*, 50 Maine, 130; *Maynard* v. *Hunt*, 5 Pick. 240; *Currier* v. *Gale*, 9 Allen, 522; *Clapp* v. *Shepard*, 2 Met. 127; *Fulton* v. *Fulton*, 48 Barb. 581; *Foster* v. *Crabb*, 12 C. B. 136; *Atkinson* v. *Baker*, 4 T. R. 229; *Hooper* v. *Ramsbottom*, 6 Taunt. 12.

APPLETON, C. J. The defendant is the assignee of a mortgage and notes, given by one Abner R. Hallowell, to the plaintiff, and by him assigned to the defendant as security, for a loan to him from the defendant, payable in three months from the twenty-first day of June, eighteen hundred and seventy-eight. The plaintiff neglected to make payment at the time specified. The defendant as assignee, foreclosed the mortgage. Shortly after the foreclosure, the plaintiff tendered the defendant the full amount due and costs, and demanded a reconveyance of the estate acquired by virtue of the assignment and the foreclosure, which being declined, the plaintiff brought an action of trover for the notes and mortgage before mentioned. We think the action is not maintainable.

The assignment of the notes and mortgage was as collateral

security. It transferred the legal title to them. Being for security of a loan it constituted a mortgage. Whether it was a legal or an equitable mortgage, it matters not. The cases cited by the counsel for the defendant abundantly show that the transaction would be regarded as a mortgage. *Slee* v. *Manhattan Co.* 1 Paige, 48; *Pond* v. *Eddy*, 113, Mass. 149; *Cutts* v. *York Manufacturing Co.* 18 Maine, 191.

The defendant having the legal title had perfect right as assignee to foreclose. Foreclosing, he held the estate as security for his debt. A tender of the full amount due might entitle the plaintiff to reconveyance in equity, but it would not authorize the maintenance of an action of trover for not reconveying real estate which the defendant holds as equitable mortgagee.

"A pledge of goods or chattels is completed by a delivery of them; it does not transfer the title; it only gives the the pledgee a lien on them. If there be a transfer of the property it is more than a pledge, it is a mortgage." Edwards on Bailments § 186; *Langdon* v. *Buel*, 9 Wend. 80. In *Halliday* v. *Holgate*, L. R. 3 Ex. 299. WILLES, J., says: "There are three kinds of security; the first, a simple lien; the second, a mortgage passing the property out and out; the third, a security intermediate between a lien and a mortgage, viz.: a pledge, where by contract a deposit of goods is made security for a debt, and the right to the property vests in the pledgee so far as is necessary to secure the debt." Until the debt is paid the pledgee has only the present interest. The plaintiff's rights are those of an equitable mortgagor and not those of a pledgor. His remedy, whatever he may have, is in equity.

*Plaintiff nonsuit.*

BARROWS, VIRGIN, PETERS, LIBBEY and SYMONDS, JJ., concurred.